FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP -7  P 4: 13

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOHN DAVID CARTER, )
)
Plaintiff, )
)
v. )   CIVIL ACTION NO.: CV505-053
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Morton J. Gold, Jr. ("the ALJ" or "ALJ Gold") denying his claim for Disability Insurance Benefits and Supplemental Security Income payments. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision is supported by substantial evidence and should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on April 21, 2003, alleging that he became disabled on April 2, 2003 due to coronary vascular disease with blockage in a coronary vessel and shortness of breath. After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On March 4, 2005, ALJ Gold held a hearing at which Plaintiff appeared and testified and was represented by counsel. (Tr. at 17). Dr. Don Harrison, a vocational expert, also testified at this hearing. (Id.). ALJ Gold found that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). (Id.). The Appeals Council

AO 72A
(Rev. 8/82)

denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 5).

Plaintiff, born on June 1, 1960, was forty-four (44) years old when ALJ Gold issued his decision. He has a high school education. (Tr. at 17). His past relevant work experience includes employment as a painter and a truck driver. (Id.).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines whether the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth

2

step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that after the alleged onset date of April 2, 2003, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 18). At step two, the ALJ determined that Plaintiff had coronary artery disease and status-post stent placement with angina symptoms, impairments considered "severe" within the Act. (Tr. at 20). However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.). The ALJ found that Plaintiff retains the residual functional capacity to perform light work, lifting up to 20 pounds occasionally and 10 pounds frequently, but should avoid exposure to hazardous work environments (i.e., machinery, heights, etc.). (Tr. at 21). At the next step, ALJ Gold concluded that Plaintiff's past relevant work as a truck driver and a construction painter/worker was precluded by his residual functional capacity. (Tr. at 22). Finally, the ALJ concluded that because Plaintiff retains the exertional capacity to perform substantially all of the requirements of light work, and considering Plaintiff's age, education, and work experience, there are a significant number of jobs in the national economy which Plaintiff is able to perform. (Tr. at 23). Accordingly, ALJ Gold found Plaintiff not disabled within the meaning of the Act. (Id.).

AO 72A
(Rev. 8/82)

## ISSUES PRESENTED

Plaintiff contends that the ALJ failed to consider all of the evidence in finding him not disabled. Plaintiff asserts that the ALJ improperly failed to credit his testimony regarding complaints of chest pain, dizzy spells, and heart racing. Plaintiff further asserts that the ALJ failed to credit his testimony concerning certain side effects of his medications. Finally, Plaintiff alleges that the ALJ failed to consider the lay witness testimony of his part-time employer.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner

4

AO 72A
(Rev. 8/82)

applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

Plaintiff contends that the ALJ improperly rejected his subjective complaints of chest pain, dizzy spells, and heart racing. He also contends that the ALJ erred in reaching his credibility assessment because he did not specifically consider the side effects of Plaintiff's medications. Finally, Plaintiff asserts that the ALJ ignored lay witness testimony which corroborated Plaintiff's complaints.

In order to establish a disability based on subjective testimony of pain and other symptoms, a claimant must satisfy the "pain standard," which requires:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Wilson v. Barnhart, 284 F.3d 1219 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). After considering a claimant's subjective testimony, the ALJ may reject his complaints as not creditable, and that determination will be reviewed for substantial evidence. Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (citation omitted). If the ALJ does discredit the claimant's testimony, he must articulate "explicit and adequate reasons for this decision." Williams v. Barnhart, 140 Fed. Appx. 932, 935 (11th Cir. 2005) (citation omitted). Failure to articulate the reasons for discrediting a claimant's testimony means that the testimony must be accepted as true as a matter of law. Id.

AO 72A
(Rev. 8/82)

In the instant case, ALJ Gold stated that he "considered the claimant's own subjective allegations of disability and his testimony and finds it partially credible as to the symptoms, but the resulting functional limitations are not disabling." (Tr. at 21). The ALJ properly rejected Plaintiff's subjective testimony about his symptoms because substantial evidence existed in the record to determine that Plaintiff's claims were not credible to the extent he alleged. ALJ Gold noted Plaintiff's claims of physically disabling symptoms, including high blood pressure, angina attacks, heart attack, status post stent placement, blood vessel blockage, heart racing, and chest pain. (Id.). The ALJ noted that although Plaintiff presented evidence of an underlying medical condition, the objective medical evidence also indicated that the condition was stable on the current regimen. (Id.). The ALJ discredited Plaintiff's testimony by observing that a December 1, 2004 cardiac catheterization revealed "minimal coronary artery disease status post stent to the circumflex and essentially normal renal arteries." (Id.). The ALJ further observed that medical records from February 2005 reflect that Plaintiff "had not had any significant angina symptoms since he was wearing the [nitroglycerin] patches." (Id.). Finally, the ALJ noted Plaintiff's list of daily activities, which included hunting and fishing for up to two hours at a time. (Id.). ALJ Gold systematically articulated "explicit and adequate reasons" for discrediting Plaintiff's allegations of completely disabling symptoms. See Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). It is clear that substantial evidence existed in the record to determine that Plaintiff's subjective testimony was not wholly credible.

Further, the ALJ did not err in discrediting Plaintiff's testimony regarding side effects from his medications because the record is void of evidence that Plaintiff suffers from disabling side effects. The record indicates that Plaintiff once complained to a doctor that

6

the medication Zyprexa, which he apparently is no longer taking, had given him hallucinations, dizzy spells, and weakness. (Tr. at 400). However, Plaintiff's treating physician observed that Plaintiff "was over-medicating himself" initially and that these symptoms had disappeared upon reduction to the correct dosage. (Tr. at 400-401). Although Plaintiff testified at the hearing that his anxiety and blood pressure medications make him drowsy (Tr. at 458), there is no medical evidence in the record on this point. Conversely, the record contains only statements by the Plaintiff in the Disability Report that these medications actually do not produce any side effects (Tr. at 76, 78). The medical evidence simply does not confirm Plaintiff's claims of medicinal side effects. Although the ALJ did not specifically recite Plaintiff's testimony regarding side effects of his medications, this is not error in itself. The Eleventh Circuit has clearly held that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision" so long as the decision is not simply a broad rejection. Dyer, 395 F.3d at 1211. The ALJ's findings in this case do not constitute such a broad rejection of Plaintiff's claims, but illustrate that Plaintiff's medical condition as a whole was considered and that the finding of not disabled was based on the medical evidence of record.

Finally, the ALJ did not err in discrediting the testimony of the lay witness regarding Plaintiff's complaints of non-exertional impairments. Both Plaintiff and his part-time employer, Terrie Culver, offered complimentary testimony as to Plaintiff's alleged disabilities. The Eleventh Circuit does not require an explicit finding as to credibility, but the implication must be obvious to the reviewing court. Dyer, 395 F.3d at 1210. Although the ALJ in the instant case made no specific finding as to the credibility of Ms. Culver's testimony, her testimony was to the same effect as that of the Plaintiff, which the ALJ

specifically found not credible. Thus, in light of the ALJ's ultimate finding of no disability, the implication is obvious that the ALJ did not find Ms. Culver's testimony to be credible. See Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th 1983) (citing Allen v. Schweiker, 642 F.2d 799 (5th Cir. 1981)). Accordingly, the ALJ properly considered all of the evidence and substantial evidence supports the ALJ's finding of not disabled.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this ___7th___ day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)